The opinion of the Court was delivered by
O’Neall, C. J.
The leading mistake of the learned and zealous counsel for the defendant, is in supposing that the subscription in this case was one under the charter, and before the Company was organized, when in fact the Company had been two years in operation before the defendant subscribed. The question was before the stockholders whether the Tinker creek or the Ridge route between Tiger and Broad rivers should be taken. To secure this latter route the defendant subscribed eighty shares, two thousand dollars, upon the condition that that route should be taken. It was taken and the road was built on that route. Ought not the defendant to pay his subscription ? It seems so to me.
The case of the N. E. R. R. Company vs. Rodrigues, 10 *678 Rich. 278, is an analogous ease. There the struggle was to secure the charter; persons, a committee, were sent out to secure the charter by raising additional subscriptions. The committee supposed that each subscriber might forfeit his payment of ten dollars on his subscription and' thus free himself from the obligation; and one of the committee so stated to defendant, who subscribed. The Court held he was bound, and Judge Whitner delivering the opinion said, “It cannot avail the defendant that the subscription was not made in the presence of the commissioners.” “ The fact of such a subscription created an obligation and promise to pay the further sums required according to the terms of the charter.”
Here the promise was to aid a railroad already existing upon a route to be taken; if so taken, such a promise, on the performance of the condition, was binding. The consideration was certainly sufficient. Beyond the building of the road, on the prescribed route, nothing further was necessary to fix the liability of the defendant. He was not entitled to have calls made for the payment of his subscription, as the original stockholders. But if he was, all the proof in the power of the party was given. The Company was plainly entitled to interest at least from the time the work on the Bidge route was finished. The jury found no interest, and if the plaintiff was appealing, a new trial must be awarded. But they are content, and the defendant has no right to complain.
The motions in arrest of judgments and for new trial are dismissed.
Johnstone and Wardlaw, JJ., concurred.

Motion dismissed.